## ACCEPTANCE OF A VALID CHECK CONSTITUTES ABSOLUTE PAYMENT.

Superior Court of Cincinnati.

HENRY GILDEHAUS CO. *v.* JOHN HANCOCK MUTUAL LIFE INS. CO.*

Decided, July 7, 1925.

*Payment by Valid Check—Acceptance and Endorsement Extinguish the Debt—Garnishee of the Drawer Ineffective after Acceptance.*

The drawing of a check against an ample bank account and its delivery, acceptance and endorsement by the drawee constitutes an absolute payment, and a garnishee process served on the drawer during the interval between acceptance and collection is ineffective.

*Burch & Peters* and *S. Geismar,* for plaintiff.
*Mallon & Vordenberg,* for defendant.

MARX, J.

The amount involved in this case is small, but the principles involved are of considerable importance. A jury having been waived and the case submitted to the court, we will endeavor to state the facts.

On May 8th, 1924, the Henry Gildehaus Company brought an action in the Municipal Court against Wilford Akin for the recovery of funeral expenses and served a notice of garnishment on the defendant, the John Hancock Mutual Life Insurance Company directing it to hold all money in its possession and owing by it to Wilford Akin. This notice was served upon the defendant at about 10:30 a. m. On the same morning between about 8:30 and 9:30 a. m., the defendant insurance company delivered to Wilford Akin its check for one hundred and eighty-one ($181.00) dollars, (the amount due him) which was payable at the Second National Bank of Cincinnati. Akin together with an agent of the defendant insurance company took this check to the First National Bank of Madisonville and endorsed and cashed the same prior to 10:30. The following words are written above his endorsement:

"Endorsement by the payee or payees shall constitute a receipt in full for the payment described in the statement attached to the check printed on the reverse side hereof."

*No Appeal on error prosecuted.

Upon payment of the amount called for by said check to Akin, the Madisonville Bank became a holder in due course of the check and presented the same for payment to the Second National Bank. Payment of this check was ordered stopped by the defendant upon receipt of the notice of garnishment and the Second National Bank therefor refused payment of the check.

Defendant filed an answer as garnishee in the Municipal Court case to the effect that it did not have in its possession any money belonging to Akin and upon that fact being determined in its favor by the Municipal Court, the stop order was withdrawn and the check issued to Akin by the defendant and endorsed by Akin to the Madisonville Bank was paid to said bank by the Second National Bank and charged by the latter bank against the account of the defendant.

The present action is brought by the plaintiff under Section 10276 of the General Code upon the ground that at the time the defendant insurance company answered that it did not have any money in its possession belonging to Akin, it did have in its possession and under its control and on deposit at the Second National Bank the sum of One Hundred and eighty-one ($181.00) dollars.

Some question is made as to the right of the plaintiff to maintain the present action in view of the ruling in the Municipal Court. However, that question must be determined in favor of the plaintiff in accordance with the decision in *Secor* v. *Witter*, 39 O. S., 218, and in *Millikin* v. *Plymouth State Bank*, 4 C. C., (N. S.), 585.

The basis of the plaintiff's claim is that at the time the garnishment was served upon the defendant insurance company, it had in its possession and on deposit at the Second National Bank the sum of One Hundred and eighty-one ($181.00) dollars which was owing to Akin. The defendant's answer is that it had paid Akin prior to the notice of garnishment by the delivery to him of a check for the full amount owing to him.

The crucial question, therefore, is whether the delivery of the check of the insurance company to Akin and its acceptance

and endorsement by him constituted a payment of the indebtedness owing to him by the defendant. It may be conceded that the mere drawing of a check did not assign any funds of the defendant company to Akin. The relationship between the Second National Bank and the defendant was that of any bank toward its depositor, namely the general relationship wherein the bank is a debtor and the depositor is a creditor. *Kahn* v. *Walton*, 46 O. S., 195; *Savings Bank* v. *Walker Bin Co.*, 92 O.' S., 47; *Uniform Negotiable Instrument Law*, Section 8290, General Code; *C. H. & D. Ry. Co.* v. *Bank*, 54 O. S., 60. This relationship was not changed by the drawing of a check by the insurance company in favor of Akin, but that does not answer the question as to whether at the time of **the garnishment**, there was a debt owing by the insurance company to Akin, or whether that debt had been extinguished by the delivery of the check. *Prior to the notice of garnishment* (1) the check had been drawn; (2) it had been delivered by the defendant to Akin; (3) it had been accepted by Akin; (4) it had been endorsed by him as a payment of the money due him; and (5) it has been delivered for the face value thereof to the Madisonville bank. Under these circumstances, we are of the opinion that the check constituted a payment of the money due from the defendant to Akin.

The general rule was well stated by Judge Hunt in the Superior Court in *Hall* v. *Union Paving Company*, 2 N. P., 71, at page 73:

"We take the law to be that the acceptance of a promissory note of the debtor by the creditor for a precedent debt, upon an express agreement to receive the same in full satisfaction and as an absolute payment, will extinguish the pre-existing debt."

It is true that this payment is not absolute, but is conditioned upon the check, bill or note being good, and it has been held in *Weller Co.* v. *Gorden & Co.*, 7 C. C. (N. S.) 303, affirmed without report in 70 O. S., 489, that

"The giving of an order, check or other paper in payment of a debt, and its acceptance in due course of business, does not constitute absolute payment in the event the paper proves

worthless, unless it clearly appears that the paper was accepted in satisfaction and without regard to its proving to be of the value for which it is accepted.''

This was the gist of the holding in *Fleig* v. *Sleet*, 43 O. S., 53, in which the court says, that:

''The delivery of a check is an implied representation that there are funds in the hands of the drawee subject to its payment, and that if there are not and the check is worthless, the falsity of the representation relieves the creditor from his agreement to accept the same as a payment.''

There is no claim in the case at bar that the check of the insurance company was worthless. On the contrary, it is admitted that there were ample funds to the credit of the defendant in the hands of the drawee bank to meet its check. The check was not paid because the defendant, after notice of the garnishment ordered payment stopped until its rights could be determined. This was a proper precaution under the circumstances and not a dishonoring of the check in the sense contemplated in the above cases. The Municipal Court having passed favorably upon the right of the defendant to pay said check the stop order was lifted and the same has been paid. Thus we have a case where a good check was by express agreement delivered by the creditor and accepted by its debtor as an absolute payment of the account and where ample funds were on deposit to pay the check which has, in fact, been paid.

From the foregoing, we conclude that the delivery and acceptance of the check was an absolute payment of the debt owing by the defendant to Akin at the time it was endorsed and cashed by him. Hence, at the time of the subsequent garnishment, the defendant was no longer indebted to Akin, having paid its debt by check and had no funds in its possession or control owing to Akin. Any other conclusion would compel the insurance company to pay the same debt twice, and would make the transaction of business and the payment of insurance policies by check a hazardous undertaking.

Judgment may be entered finding the issues in favor of the defendant.